This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41387**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DOMENICA SMITH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Ellen Venegas, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals from the denial of her motion to suppress evidence. [RP 220] Defendant argues that the law enforcement officers lacked reasonable suspicion under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution at the time they stopped Defendant on suspicion of trafficking a controlled substance. [BIC 9] Defendant contends that the officers lacked reasonable suspicion because "the only 'suspicion' the officers had to pull her over relies on the fact that she ran errands with . . . Dorsey who happened to be under surveillance at the time." [BIC 15] Therefore, all statements and evidence obtained from the stop must be suppressed. [BIC 17-19]

**{3}** "A motion to suppress evidence presents a mixed question of fact and law." *State v. Espinoza*, ___-NMSC-___, ¶ 12, ___ P.3d ___ (S-1-SC-38642, Oct. 30, 2023). This Court reviews factual findings for substantial evidence and legal questions, "including determinations of reasonable suspicion," de novo. *Id.* ¶¶ 13, 16.

**{4}** On appeal, Defendant challenges only two facts underlying the district court's decision. First, "that . . . Dorsey told an undercover agent he would be purchasing methamphetamine within 30 to 45 minutes" when neither "the arrest warrant nor the testimony elicited at trial provide[d] a timeline to verify . . . Dorsey did in fact meet with [Defendant] within that timeframe." [BIC 12-13] [RB 2-3] Second, whether Defendant walked to another vehicle where a "five minute exchange between [Defendant] and [another] individual in the middle of the parking lot" took place. [BIC 13-14]

**{5}** Defendant contends that, because officers gave inconsistent testimony on whether Dorsey intended to buy methamphetamine "within 30 to 45 minutes," during the time he met with Defendant [BIC 12-3] [RB 2-3], the district court's finding that Defendant met with Dorsey during this window was not supported by substantial evidence. [BIC 13] [RB 3] On appeal, however, we are required to credit the district court's factual findings and reasonable inferences, disregarding contrary inferences and evidence. *Id.* ¶ 15. Defendant acknowledges that an officer testified to the 30-to-45-minute window [BIC 12] [AB 9] [RB 2], but argues that the testimony should be discredited because he did not have firsthand knowledge. [BIC 13] [RB 2-3] The officer, however, was testifying to his understanding of the facts at the time of the detention of Defendant. *See State v. Morales*, 2005-NMCA-027, ¶ 14, 137 N.M. 73, 107 P.3d 513 (explaining that reasonable suspicion is based on "the totality of the circumstances and all information available to the officer at that time" (internal quotation marks and citation omitted)). Defendant also argues that the arresting officer did not actually observe her meet briefly with another individual, only that she "appeared" to do so. [BIC 13-14] However, the officer testified that the brief interaction occurred. [BIC 9] [AB 11] Given the testimony, we conclude that there was substantial evidence to support both of the findings that Defendant contests. *See State v. Yazzie*, 2016-NMSC-026, ¶ 15, 376 P.3d 858 (stating that "[s]ubstantial evidence is evidence that a reasonable mind would regard as adequate to support a conclusion" (internal quotation marks and citation omitted)).

**{6}**     The evidence demonstrates that officers had reasonable suspicion to seize Defendant and investigate suspected trafficking under the totality of the circumstances. *See State v. Salazar*, 2019-NMCA-021, ¶ 12, 458 P.3d 546 ("Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." (internal quotation marks and citation omitted)). After selling methamphetamine to an undercover officer and saying he would be obtaining more within 30 to 45 minutes, Dorsey met Defendant in a parking lot. [BIC 5-7] [AB 2-3] Defendant and Dorsey then immediately went to a nearby ATM, stopped for food, and returned to the parking lot where Defendant left her car and met briefly with someone in another vehicle. [BIC 7] [AB 4] After returning to her car, Defendant dropped Dorsey off and left the parking lot. [BIC 7] [AB 4] The arresting officer testified that this brief interaction was consistent with the amount of time for a drug deal to occur. [BIC 7] *See id.* ¶ 16 (stating that officers "may rely on their own experiences and specialized training to draw inferences and make deductions from the totality of information available to them"). Based on these facts, officers conducted an investigatory detention of Defendant. [BIC 7-8]

**{7}**     Defendant argues that her association with Dorsey cannot support reasonable suspicion because "[g]uilt by association and generalized suspicions are insufficient grounds upon which to base an investigatory detention." [BIC 15-16] [RB 4] *State v. Prince*, 2004-NMCA-127, ¶ 17, 136 N.M. 521, 101 P.3d 332. Similarly, Defendant argues it is not reasonable to assume that she engaged in narcotics trafficking based on her brief interaction with another car in the parking lot. [BIC 16-17] *See State v. Neal*, 2007-NMSC-043, ¶ 31, 142 N.M. 176, 164 P.3d 57 (stating that it was not reasonable for an officer to infer the defendant was involved in a drug transaction from innocent conduct). Rather, Defendant argues that these were ordinary actions that do not give rise to reasonable suspicion. [BIC 16-17] [RB 4] But these arguments misapply our standard of reasonableness. "The level of suspicion required for an investigatory stop is considerably less than proof of wrongdoing by a preponderance of the evidence." *State v. Martinez*, 2020-NMSC-005, ¶ 30, 457 P.3d 254 (internal quotation marks and citation omitted). "The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct." *Id.* ¶ 31 (internal quotation marks and citation omitted). Rather, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Id.* ¶ 22 (text only) (citation omitted).

**{8}**     Given the specific facts that officers testified to and the reasonable inferences drawn under the circumstances, we conclude that officers developed reasonable suspicion to detain Defendant. Therefore, Defendant's detention was reasonable and the district court did not err in denying Defendant's motion to suppress.

**{9}**     **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**